BENJAMIN TRIPP, City Treasurer, *vs.* JAMES FLANIGAN & others.

In an action by the city of P. against F., a licensed liquor dealer, for breach of his liquor bond, in unlawfully selling liquor on Sunday, it was *held*, that the city was not estopped to say that the sale had been made, and to claim the penalty of the bond, on account of the sale having been made to a police officer, who was sent by the chief of police to ascertain if F. was selling unlawfully, and to buy of him if he was; it appearing that F. was not specially induced to sell by anything said or done by said officer.

ACTION OF DEBT on a bond given by the defendant James Flanigan and his sureties, submitted to the court both upon fact and law, a jury trial having been waived. The bond was in the same form as that in the case of *Tripp, City Treasurer,* v. *Norton,* reported at page 125 of this volume of reports. The facts of the case are stated in the opinion of the court.

*Parkhurst,* for plaintiff.

*Ripley,* for defendants.

BRAYTON, C. J. In this case the bond was as in the case against Norton, and the objection is made that the obligee was not named.

The breach assigned was that Flanigan did sell strong and spirituous liquors on Sunday, July 10, 1870, in another place than the one licensed, and issue taken thereon. It was proved that he did sell on that day as alleged, and it was objected, as in Norton's case, that this was no breach of the condition.

But another point was made in this case. Evidence was offered that the sale was made to a member of the police force of the city, who was sent by the chief of police to ascertain if the defendant, Flanigan, was violating his bond by selling, and to buy of him if he was. It was objected that the city, to whose

use the moneys recovered would enure, was estopped to say that the sale had been made, and to claim the forfeiture of the bond.

There was nothing in the evidence to show that Flanigan was not perfectly willing and even desirous to sell, that he was induced to sell by anything the officer did or said, who held out no inducements, said nothing to mislead. The defendant sold, as every one whose business it is to sell, to the persons who offered to buy. The officer did no more than every purchaser does who proposes to buy.

All this is certainly no ground of estoppel.

Judgment must be for the penalty of the bond.

*Judgment for plaintiff for $1,000 and costs.*